UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION (CINCINNATI)

| | |
|---|---|
| DARREN WARMAN, | CASE NO.: 1:22-cv-42 |
| Plaintiff, | |
| v. | JUDGE |
| LIVANOVA DEUTSCHLAND, GMBH (f/k/a SORIN GROUP DEUTSCHLAND, GMBH); LIVANOVA USA, INC.; LIVANOVA HOLDING USA, INC.; TRIHEALTH, INC.; and GOOD SAMARITAN HOSPITAL OF CINCINATTI, OHIO, | **NOTICE OF REMOVAL** |
| Defendants. | |

**TO:**  United States District Court
Southern District of Ohio, Western Division (Cincinnati)

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants LivaNova USA, Inc. ("LivaNova USA") and LivaNova Holding USA, Inc. (f/k/a Sorin Group USA, Inc.) ( "LivaNova Holding USA") (hereinafter collectively referred to as the "LivaNova Defendants"), submit this Notice of Removal from the Court of Common Pleas, Hamilton County, Ohio, in which the above-captioned matter is now pending, to the United States District Court for the Southern District of Ohio.

In support of said Notice, the LivaNova Defendants state as follows:

**PROCEDURAL HISTORY**

1.  This action involves product liability allegations regarding the Sorin Stöckert 3T Heater-Cooler Device ("3T System"). Plaintiff Darren Warman ("Plaintiff") alleges that he underwent heart surgery in July 2015 and that a 3T System was used during this surgery. *See*

1

Plaintiff's Complaint, **Exhibit A**, ¶¶ 10-11. Plaintiff alleges that defects in the 3T System's design, manufacturing, and/or warnings caused him to be exposed to and infected with mycobacterium chimaera and that this infection has caused him injury.  *See* Plaintiff's Complaint, **Exhibit A**, ¶¶ 10-18, 22, 27, 32, 37, 43.

2. Plaintiff filed his Complaint in the Court of Common Pleas, Hamilton County, Ohio, on or about January 19, 2022. A copy of the Complaint is attached hereto as **Exhibit A**.

3. Plaintiff also purports to assert a negligence claim against TriHealth, Inc. ("TriHealth") and the Good Samaritan Hospital of Cincinatti, Ohio ("GSH") (collectively referred to as the "Hospital Defendants") "as suppliers" of the 3T Systems. *See* Plaintiff's Complaint, **Exhibit A**, at ¶¶ 40, 42-43.

4. Upon information and belief, none of the named defendants in this action, including the LivaNova Defendants, have been served with a copy of the Complaint as of the time of filing of this Notice of Removal.

5. A copy of the complete docket of Plaintiff's Ohio state court action is attached to this Notice of Removal. *See* **Exhibit B**, Complete Docket for Plaintiff's Ohio State Court Action.

6. Upon information and belief, no other pleadings or documents have been served on any named defendant in this action, including the LivaNova Defendants.

7. As will be set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 because (1) this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332; (2) this Notice of Removal was filed timely pursuant to 28 U.S.C. § 1446(b)(3); and (3) Defendants have satisfied the procedural requirements for removal.

I. **THIS COURT HAS SUBJECT MATTER JURISDICTION OVER THIS ACTION PURSUANT TO 28 U.S.C. § 1332.**

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that (1) there is complete diversity of citizenship between Plaintiff and the properly joined defendants LivaNova Holding USA, LivaNova USA, and LivaNova Deutschland, and (2) the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

A. **Complete Diversity of Citizenship**

9. There is complete diversity of citizenship between Plaintiff, a citizen of Ohio, and the properly joined named defendants in this action.

10. Plaintiff Darren Warman resides in the state of Ohio. *See* Plaintiff's Complaint, **Exhibit A**, ¶ 1.

11. LivaNova Holding USA is a Delaware corporation with a principal place of business in Houston, Texas.[1]

12. LivaNova USA is a Delaware corporation with a principal place of business in Houston, Texas. *See* Plaintiff's Complaint, **Exhibit A**, ¶ 4.

13. Named Defendant LivaNova Deutschland GmbH (f/k/a Sorin Group Deutschland GmbH) ("LivaNova Deutschland") is a foreign company headquartered in Munich, Germany. *See* Plaintiff's Complaint, **Exhibit A**, ¶ 2.

14. Therefore, for purposes of determining diversity, LivaNova Holding USA and LivaNova USA are citizens of Delaware and Texas and named defendant LivaNova Deutschland is a citizen of Germany. 28 U.S.C. § 1332(c)(1).

---

[1] Plaintiff's Complaint incorrectly alleges a principal place of business for LivaNova Holding USA in Arvada, Colorado. *See* Plaintiff's Complaint, **Exhibit A**, ¶ 3. Nevertheless, complete diversity of citizenship exists regardless of whether the Court deems LivaNova Holding USA a citizen of Colorado or Texas.

15. Plaintiff also purports to file suit against TriHealth and GSH, healthcare corporations that, as Plaintiff alleges, are Ohio corporations with principal places of business in Hamilton County, Ohio. *See* Plaintiff's Complaint, **Exhibit A**, at ¶¶ 5, 6.

16. However, and for the reasons that follow, TriHealth and GSH have been fraudulently and improperly joined to defeat diversity jurisdiction. Their citizenship is therefore ignored for purposes of determining diversity jurisdiction. *See, e.g.*, *Wilson v. Republic Iron & Steel Co.*, 257 U.S. 92, 97 (1921); *Coyne v. Am. Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999) ("this Court has recognized that fraudulent joinder of non-diverse defendants will not defeat removal on diversity grounds," citing *Alexander v. Elec. Data Sys. Corp.*, 13 F.3d 940, 949 (6th Cir. 1994)).

17. Accordingly, there is complete diversity between Plaintiff and all properly joined defendants.

### 1) TriHealth and GSH Have Been Fraudulently Joined.

18. The citizenship of TriHealth and GSH should be disregarded because these entities have been fraudulently joined to this action against the LivaNova Defendants.

19. Plaintiff's fraudulent joinder of TriHealth and GSH is evidenced by the fact that they are asserting medical claims disguised as "negligent supplier claims" against the Hospital Defendants. Such "negligent supplier" claims have no basis in Ohio law. Plaintiff's bare, conclusory allegations that the Hospital Defendants "were negligent as suppliers" is a thinly veiled attempt to destroy diversity.

20. When an action is removed based on diversity, the court determines whether complete diversity exists "at the time of removal." *Coyne*, 183 F.3d at 492; *see also Jerome-*

*Duncan, Inc. v. Auto-By-Tel, LLC*, 176 F.3d 904, 907 (6th Cir. 1999) (whether there exists complete diversity is assessed at the time that the notice of removal is filed).

21. In determining whether a defendant has been fraudulently joined, the Sixth Circuit measures whether the plaintiff has stated "a colorable cause of action." *Harris v. Blockbuster, Inc.*, 2009 WL 2883874, *2 (S.D. Ohio, Sept. 1, 2009) (citing *Jerome-Duncan*, 176 F.3d at 907). Here, Plaintiff has not, and cannot, state "a colorable cause of action" against the Hospital Defendants by virtue of the fact that her "negligent supplier" claims against the Hospital Defendants are medical claims in disguise. To be clear, by slapping a "negligent supplier" label on her medical claims against the Hospital Defendants, Plaintiff is simply attempting to destroy diversity, avoid the statute of limitations applicable to medical negligence claims, and avoid the requirement that Plaintiff provide an affidavit of merit from an expert witness. *See* Plaintiff's Complaint, **Exhibit A**, at ¶¶ 40-43.

22. Such maneuvering has no basis in Ohio law. Indeed, in a separate case recently brought by Plaintiff's counsel against the LivaNova Defendants and TriHealth in Ohio state court, the court granted the hospital defendants' motion to dismiss the plaintiff's negligence claims against the Hospital Defendants. *See generally Napier v. LivaNova Deutschland GmbH, et al.*, Case No. A2102427, Ohio State Court Order Granting Dismissal of Hospital Defendants, **Exhibit C**. There, the plaintiff argued that her negligent "exposure to bacteria" claims against the hospital were not, in reality, medical claims in disguise, and that such claims therefore were not subject to the time limitations and procedural requirements imposed on medical claims under Ohio law. *See Napier v. LivaNova Deutschland GmbH, et al.*, Case No. A2102427, Napier Plaintiff's Opposition to Motion to Dismiss in Ohio State Court, **Exhibit D**. The Ohio state court disagreed and held that under Ohio law, the plaintiff's negligence claims were ***in fact "medical***

*claims"* because "the equipment provided by the hospital, specifically the heater-cooler unit used in the surgical suite, was incidental to the medical care and treatment of [decedent plaintiff]." *See Napier v. LivaNova Deutschland GmbH, et al.*, Case No. A2102427, Ohio State Court Order Granting Dismissal of Hospital Defendants, **Exhibit C**, at 3.

23. The Ohio Supreme Court reached the same conclusion in *Rome v. Flower Memorial Hospital*, holding that a plaintiff's negligence claims were, in fact, medical claims because they arose out of the hospital's medical care and treatment of the plaintiff. 635 N.E.2d 1239 (Ohio 1994). There, the court concluded that the hospital's use of particular equipment was "ancillary to and an inherently necessary part" of the procedure being conducted to alleviate the patient's medical complaints. *Id.* at 1242. The court also noted that the plaintiff's claims were medical in nature because the plaintiff was a patient at the hospital, had been assisted by hospital employees, and the hospital employees were "required to exercise a certain amount of professional expertise" in preparing for and using the hospital equipment. *Id.*

24. Plaintiff's "negligent supplier" claims against the Hospital Defendants in this case are no different—such claims still implicate "equipment provided by the hospital" that was allegedly used by the Hospital Defendants in rendering "medical care and treatment…to [Plaintiff]" during his 2015 surgery. *Rome*, 635 N.E.2d at 1241-42; *see also* Plaintiff's Complaint, **Exhibit A**, at ¶ 11 ("During his heart surgery, Darren Warman was exposed to bacteria from equipment in the surgical suite."); ¶ 40 (alleging that Hospital Defendants supplied the 3T System used during Plaintiff's surgery). Thus, Plaintiff's claims against the Hospital Defendants are, in fact, medical claims.

25. Because Plaintiff's claims against the Hospital Defendants are, in fact, medical claims in disguise, Plaintiff has no colorable cause of action against the Hospital Defendants for

6

at least two separate reasons. First, Plaintiff has not provided an affidavit of merit from an expert witness, as is required by Ohio law to state the medical claims he is in fact bringing against the Hospital Defendants. Second, even if he had provided the required affidavit, the claim against the Hospital Defendants would be time-barred. Plaintiff therefore has "no colorable basis to recover" against the Hospital Defendants such that he has fraudulently joined TriHealth and GSH in this action. TriHealth and GSH's citizenship should thus be disregarded.

      a. **Plaintiff Cannot Assert a Medical Claim Against TriHealth and GSH Without an Affidavit of Merit.**

26. Ohio Civil Rule 10(D)(2) requires that every Complaint containing medical claims as defined in R.C. 2305.113 be accompanied by an affidavit of merit. The affidavit must be from an expert witness qualified under Ohio Evidence Rule 601(D) and 702 and must include statements that the affiant: 1) "has reviewed all medical records reasonably available," 2) is familiar with the applicable standard of care," and 3) is of the opinion that the defendants breached the standard of care and caused the plaintiff's injury. Ohio Civ. R. 10(D)(2).

27. Ohio Revised Code 2305.113(E)(3) defines "medical claim" as "any claim that is asserted in any civil action against a…hospital…and that arises out of the medical diagnosis, care, or treatment of any person." Such claims include "derivative claims for relief that arise from the medical diagnosis, care, or treatment of a person." *Id*.

28. As discussed above, the nature of Plaintiff's claims against the Hospital Defendants is in fact "medical." *See, supra*, at ¶¶ 21-25.

29. To support these claims, Plaintiff must provide the affidavit of merit required by Ohio Civil Rule 10(D)(2). He has failed to do so and consequently fails to state a legally cognizable medical claim against TriHealth and GSH under Ohio law.

30. As the Ohio Supreme Court stated in *Fletcher v. University Hospitals of Cleveland*, 120 Ohio St.3d 167, 169-70 (2008), the affidavit of merit required to accompany a complaint asserting a medical claim requires averments "that go to the validity of the medical claim." The "purpose behind the rule is to deter the filing of frivolous medical malpractice claims…[T]o further this end, Civ. R. 10(D)(2)(c) expressly made it clear that the affidavit is necessary in order to 'establish the adequacy of the complaint.'" *Id*. at 170.

31. Other federal courts considering similar facts have held that a plaintiff's medical claims against her physician were fraudulently joined where the plaintiff failed to file the required report and affidavit of merit. *See Hill v. C.R. Bard, Inc.*, 582 F. Supp.2d 1041, 1050 (C.D. Ill. 2008). In *Hill*, the plaintiff filed her original complaint in state court on April 2, 2008 against the manufacturer of her medical device. *Id.* at 1043. On May 28, 2008, the plaintiff amended her complaint to include medical malpractice claims against the physicians who implanted the device. *Id.* Plaintiff did not file the required report or affidavit of merit when she filed her amended complaint. *Id.* at 1048. The medical device manufacturer removed the case to federal court, arguing that plaintiff fraudulently joined the physicians in an attempt to remain in state court. *Id.* at 1043–44. The plaintiff then filed a motion to remand. *Id.* at 1044. The district court denied the motion to remand and agreed with the defendant that plaintiff's claims against the physicians were fraudulently joined. *Id.* at 1048–49. The court reasoned, "[I]n order for Plaintiff to have a possibility of success in state court against [the physician defendants], a section 2-622 certificate would be required." *Id.* at 1048. The court also emphasized that even if the plaintiff could soon obtain and file the required report and affidavit of merit, her claim would be time-barred, because the report and affidavit were not filed before the statute of limitations ran (or within the 90-day timeframe permitted under 2-622(a)(2)). *Id.* at 1049. Ultimately, the

court held, "Plaintiff would have no possibility of success against the doctors in state court, they have been fraudulently joined in federal court for the purpose of defeating diversity jurisdiction." *Id.*

32. Here, like in *Hill*, Plaintiff has failed to provide the required affidavit of merit.

33. Under Ohio Civil Rule 10(D)(2)(c), Plaintiff's failure to provide an affidavit of merit makes his medical claims against TriHealth and GSH inadequate as a matter of law. *Fletcher*, 120 Ohio St.3d at 171. Because Plaintiff's medical claims against the Hospital Defendants have no reasonable basis in the law, they are insufficient to preclude diversity jurisdiction.

   b. **Plaintiff Claims Against TriHealth and GSH Are Time-Barred.**

34. Ohio Revised Code Section 2305.113(A) imposes a one-year statute of limitation on medical claims like the ones Plaintiff assert against the Hospital Defendants. *See* R.C. § 2305.113(A) ("Any action upon a medical claim ***shall*** be commenced within one year after the cause of action accrued.") (emphasis added). Moreover, Ohio Revised Code Section 2305.113(C)(1) imposes a four-year statute of repose, initiated by Decedent's July 2015 surgery, that additionally time-bars Plaintiff's medical claims here. *See* R.C. § 2305.113(C)(1) ("no action upon a medical…claim shall be commenced more than four years after the occurrence of the act or omission constituting the alleged basis of the medical…claim."). Plaintiff brings his medical claims against TriHealth and GSH outside of the one-year statute of limitations ***and*** the four-year statute of repose imposed by Ohio statute.

35. Indeed, Plaintiff alleges that Decedent's surgery occurred in July 2015. Thus, as early as July 2016 and no later than 2019, Plaintiff's one-year limitations period and four-year repose period to file his medical claims against the Hospital Defendants had expired.

9

36. Because Plaintiff's claims against the Hospital Defendants, whether couched in terms of medical claims or mere negligence, are time-barred under Ohio law, such claims are insufficient to preclude diversity jurisdiction in this action.

37. By virtue of the above, Plaintiff has no colorable cause of action against TriHealth and GSH and has fraudulently joined these defendants in this action. Accordingly, the citizenship of TriHealth and GSH should be disregarded for purposes of determining diversity. *King*, 2006 WL 456478, at *5. Because none of the named and properly joined defendants are citizens of the state of Ohio, complete diversity exists between the parties. 28 U.S.C. § 1332.

**B. Amount in Controversy**

38. As discussed above, Plaintiff's Complaint alleges Plaintiff underwent heart surgery in July 2015 and that a 3T System was used during this surgery. Plaintiff alleges that defects in the 3T System's design, manufacturing, and/or warnings caused Plaintiff to be exposed to and "severe[ly]" infected with mycobacterium chimaera and that this infection caused Plaintiff injury. *See* Plaintiff's Complaint, **Exhibit A**, ¶¶ 10-18, 22, 27, 32, 37, 43.

39. Plaintiff also seeks punitive damages against the named Defendants, along with attorney's fees and expenses. *See* Plaintiff's Complaint, **Exhibit A**, ¶¶ 45-47.

40. The seriousness and permanent nature of the alleged injuries in the Complaint places more than $75,000 in controversy. *Wolfe v. Lincoln Gen. Ins. Co.*, 2002 WL 484638, at *2 (S.D. Ohio Mar. 18, 2002) (finding amount in controversy satisfied where plaintiffs brought claims "which allege personal injury," noting that "[i]t is certainly probable that the value of such claims . . . . exceeds $75,000"); *see also Kunkel v. CUNA Mut. Ins. Society*, 2011 WL 5282678, at *2 (S.D. Ohio Nov. 2, 2011) (considering punitive damages request as factor in amount in controversy analysis); *see also Lucas v. Springhill Hosp., Inc.*, 2009 WL 1652155, at

*3 (N.D. Ohio, June 11, 2009) (holding that damages sought for multiple surgeries, extensive rehabilitation, severe pain, mental anguish, emotional pain and suffering, medical expenses, and other "permanent" injuries made it "more likely than not that recovery will exceed $75,000.").

41. By virtue of these allegations of injury, Plaintiff is seeking damages in excess of the sum or value of $75,000, exclusive of interest and costs, which meets the jurisdictional requirement of this Court. See 28 U.S.C. § 1332(a).

42. Accordingly, for all of the above stated reasons, there is complete diversity between the parties, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs. Therefore, this Court has subject matter jurisdiction over the instant matter pursuant to 28 U.S.C. § 1332.

## II. THIS NOTICE OF REMOVAL IS TIMELY PURSUANT TO 28 U.S.C. § 1446(b)(3).

43. Upon information and belief, none of the named and properly joined defendants, including LivaNova Holding USA and LivaNova USA, have been served, and therefore, the thirty-day timeline for removal has not yet started. *See Hunter v. Am. Exp. Travel Related Serv.,* 643 F. Supp. 168, 170 (S.D. Miss. 1986) ("service of process is a prerequisite to the commencement of the removal period.").

44. Nonetheless, this Notice of Removal is filed within thirty days of the filing of the Complaint and LivaNova Defendants' receipt of a copy of the Complaint.

45. For these reasons, this Notice of Removal is timely.

## III. DEFENDANTS HAVE SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

46. As discussed herein, this Court has subject matter jurisdiction on the basis of diversity of citizenship under 28 U.S.C. § 1332(a).

47. Venue is proper pursuant to 28 U.S.C. § 1441(a) because the United States District Court for the Southern District of Ohio, Western Division is the federal district for the district embracing the place where the state court suit is pending, namely the Court of Common Pleas, Hamilton County, Ohio.

48. The thirty-day period for removal has not started because none of the named defendants have been served with the Complaint. Defendants' Notice of Removal is therefore timely.

49. Upon information and belief, LivaNova Deutschland, the only other named and properly joined defendant in this action, has not been served with process in accordance with the Hague Convention. LivaNova Deutschland has therefore not been properly served at this time.

50. TriHealth and GSH need not consent to removal because they have not been properly joined to the action inasmuch as, upon information and belief, they have not been served with the Complaint and Summons, and because they have been fraudulently joined. *See* 28 U.S.C. § 1446(b)(2)(A) ("When a civil action is removed solely under section 1441(a) [28 USCS § 1441(a)], all defendants *who have been properly joined* and served must join in or consent to the removal of the action." (emphasis added)); *Chambers v. HSBC Bank USA, N.A.*, 796 F.3d 560, 564 (6th Cir. 2015) ("By its terms, . . . § 1446(b)(2) only requires the consent of properly joined defendants; the consent of a defendant that has been fraudulently joined is not necessary.").

51. Similarly, because the only other entity named and properly joined in this action, LivaNova Deutschland, has not been served, LivaNova Defendants are not required to obtain its consent for removal. *See* 28 U.S.C. § 1446(b)(2)(A); *see also Kralj v. Byers*, 2006 WL 8449912, at *2 (N.D. Ohio Apr. 5, 2006) ("The general rule that all defendants join or consent to the

12

removal does not apply when the non-joining defendant has not been served at the time the notice of removal is filed"); *Klein v. Manor Healthcare Corp.*, 1994 WL 91786, at *3 n.8 (6th Cir. Mar. 22, 1994) (noting that a defendant need not consent to removal when "the non-joining defendant has not been served with service of process at the time the removal petition is filed.").

52. As required by 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served upon Plaintiff, by and through her attorneys of record, and is also being filed with the clerk of the Court of Common Pleas, Hamilton County, Ohio.

WHEREFORE, Defendants LivaNova USA, Inc. and LivaNova Holding USA, Inc. (f/k/a Sorin Group USA, Inc.) file this Notice of Removal so that the entire state court action now pending in the Court of Common Pleas, Hamilton County, Ohio, be removed to this court for all further proceedings.

Dated: January 20, 2022.
/s/ Erin L. McCann
Erin L. McCann (OH # 0077946)
FAEGRE DRINKER BIDDLE & REATH LLP
2200 Wells Fargo Center
90 South Seventh Street
Minneapolis, MN  55402-3901
Telephone: (612) 766-7000
Facsimile: (612) 766-1600
Email: erin.mccann@faegredrinker.com

**Attorneys for Defendants LivaNova USA, Inc., and LivaNova Holding USA, Inc.**

## CERTIFICATE OF SERVICE

I hereby certify that on January 20, 2022, I transmitted the attached document and all exhibits thereto via U.S. mail to:

Louis C. Schneider
THOMAS LAW OFFICES PLLC
250 E. Fifth Street, Suite 440
Cincinnati, Ohio 45202

        **FAEGRE DRINKER BIDDLE & REATH LLP**

        */s/ Erin L. McCann*
        Erin L. McCann (OH # 0077946)
        FAEGRE DRINKER BIDDLE & REATH LLP
        2200 Wells Fargo Center
        90 South Seventh Street
        Minneapolis, MN  55402-3901
        Telephone: (612) 766-7000
        Facsimile: (612) 766-1600
        Email: erin.mccann@faegredrinker.com

        ***Attorneys for Defendants LivaNova USA, Inc., and LivaNova Holding USA, Inc***